HEARD NOVEMBER TERM, 1878.

CASE No. 699.

GEORGE W. HILL v. MARGARET S. THOMAS ET AL., HIS CHILD-REN, AND CHARLES BOLT ET AL., HIS CREDITORS.

A devise as follows: "I give and bequeath to my son G. * * the land whereon I now live. * * Now the condition of the above gift is that the property * * both real and personal is to remain the said G. and his child or children, and in case the said G. should die, and not leave any living child or children, why then the said property is to go" over. G. having one child at death of testator, *held,* a life estate in G. with remainder to his children as purchasers. *Sisson* v. *Seabury,* 1 *Sumn.* 235; *Hannan* v. *Osborne,* 4 *Paige Ch.* 336.

Before HUDSON, J., at Union, June Term, 1878.

The facts of this case, and the clause of the will construed by the court, are sufficiently set forth in the decree of Judge Hudson, which reads as follows:

James Hill, the father of the plaintiff, made his last will and testament on the 24th day of October, 1854. A few days afterwards he died, and his will was duly proved before the Ordinary of Union county on the 10th day of November, 1854. The devisees and legatees under the will were testator's widow, Susannah, and his sons, George W. Hill, the plaintiff, and John T. Hill, and his grandsons, James H. Scaife and M. G. B. Scaife, children of a predeceased daughter. The widow, Susannah, died a short time after the testator.

By the first section of the will, the testator directs his debts to be paid from moneys due him and from proceeds of his crops, or cotton then on hand; and if this should be insufficient for the purpose, that the deficiency should be made up as follows: one-third by George W. Hill, one-third by John T. Hill, and one-third by James H. Scaife and M. G. B. Scaife.

By the second section he gives to his wife his dwelling-house and furniture for her life, and $3000 in money, to be made up to her as follows: if there should not be enough

left from the fund set apart to pay debts, then J. T. Hill and G. W. Hill shall each make up one-third part, and J. H. Scaife and M. G. B. Scaife one-third part. After her death the dwelling-house to go to George W. Hill.

By the third section he gives to his grandsons, James H. Scaife and M. G. B. Scaife, negroes and other personal property, with a limitation over; on default of children, to John T. Hill and George W. Hill; or, if they be dead, to their children.

Section four is as follows: "I give and bequeath to my son, G. W. Hill, the following negroes, * * * and the land whereon I now live, excepting for my wife the dwelling-house during her life; * * * and I also give and bequeath to him one-third of my stock, * * * and at the decease of my wife, one-third * * *; and after payment of my debts, should there not be funds enough to make the three thousand dollars for my wife, why then G. W. Hill shall make up one-third of the amount out of his share. Now the condition of the above gift is, that the property, including that given off before, both real and personal, is to remain the said G. W. Hill and his child or children; and in case the said G. W. Hill should die and not leave any living child or children, why then the said property is to go to J. T. Hill, James H. and M. G. B. Scaife, or the child or children of them, the child or children representing parents; and the said G. W. Hill is to pay to J. T. Hill one thousand dollars, and James H. and M. G. B. Scaife each five hundred dollars."

In section five testator gives certain property to his son, J. T. Hill, and, after a conditional limitation, the section proceeds: "Then the said property to descend to G. W. Hill and his child or children, and James H. and M. G. B. Scaife and their children; that is, G. W. Hill one-half, and the Scaife or Scaifes the other half."

The action is brought by George W. Hill. The defendants are his children, hereinafter named, his judgment creditors, and the sheriff of Union county. The complaint alleges, that under the devises of the will of his father, the plaintiff is seized and possessed in joint tenancy and in fee, together with his children, the defendants, Margaret S. Thomas, Sarah A. Willard, Martha

E. Hill, Robert G. Hill, Roland Hill, Ruth W. Hill, and Daisey Hill, of the land devised by the fourth clause of the will. That the judgment creditors, defendants, have levied their executions upon the interest of the plaintiff in said lands, and that the sheriff, defendant, is proceeding to sell under said levies plaintiff's interest therein; that plaintiff is desirous of having a homestead laid off to his family out of his interest in said lands, but is unable to have the same set apart until his interest or portion in severalty in said lands is ascertained. The complaint prays judgment that a writ of partition issue to set off to the plaintiff his interest in severalty and in fee; that an injunction issue to restrain the judgment creditors and the sheriff from selling plaintiff's interest in said land until the same is set off to him in severalty; and that after such partition, that the sheriff be required to lay off to the plaintiff his family homestead.

The judgment creditors deny that the plaintiff is a joint tenant with his children, but insist that he is entitled to an estate for his life in the whole of said lands. Certain of the creditors allege that their judgments are founded upon contracts entered into prior to April, 1868, and deny that the plaintiff is entitled to any homestead exemption whatever in said land.

The children are all infants under the age of twenty-one years, except Mrs. Thomas, who is of full age. At the time of making the will and at the death of the testator, George W. Hill had but one child, now Mrs. Thomas. All the others have been born since. For the children, it is claimed that the plaintiff is entitled to only a joint interest with them for the life of the plaintiff in the land, and that they are entitled to the remainder in fee.

A temporary injunction was granted by Judge Wallace, with leave to move to set it aside. The cause came on to be heard before me at June Term, 1878, upon the merits.

The question in the case is, what interest does the plaintiff take, and what interest do his children take, in the land under the will? The devise to them is contained in the fourth clause of the will. Under the devise the children take concurrently with their father, George W. Hill, or they take successively by way of remainder. The will took effect at the death of the

testator, and the interest of George W. Hill vested in possession at once. As it regards his interest, no further period of distribution was fixed or contemplated. And if the children are to take concurrently with him, then only those in existence at the time of vesting in possession can take. The others could not take; they were not *in esse;* and none could take but those in existence at the period of distribution. *Wessinger* v. *Hunt,* 9 *Rich. Eq.* 464; *Myers* v. *Myers,* 2 *McC. Ch.* 256; 2 *Jarman on Wills* [74], [75], [76]; *O'Hara on Wills, ch. XXIII.,* § 1, *ch. VI.* This construction would give the entire estate to the plaintiff and the one child living at the death of the testator. But it is conceded by all parties, plaintiff and defendants, that this was not the intention. And it is clear that it was not. But if the children take in succession by way of remainder, all can take; otherwise, they cannot. See authorities, *supra.* The will shows a manifest intention to give a different estate to the father and to the children, and that the children should all take. And they can all take only in succession. Therefore they must take by way of remainder.

*It is adjudged* that the plaintiff, G. W. Hill, under the devise of his father's will, is not seized of the land in question in fee and jointly with his child or children, nor is he seized jointly with them—he for life and they in fee. The devise is to him for life, the remainder to his children. Whether the remainder be vested subject to be divested by predeceasing the life tenant, or a vested transmissible interest, it is not necessary in this contest to decide. It will be time enough at the death of the parent for the surviving children and the children of such as predecease the life tenant, if any, to settle the question.

2. Therefore, the partition craved cannot be granted. But the plaintiff is entitled to have his homestead admeasured out of the life estate, provided he be entitled to a homestead at all as against the creditors enjoined. This will depend upon the dates of the causes of action upon which the judgments respectively are based, which must be ascertained upon a reference. Any homestead admeasured to the plaintiff from the life estate can only be co-extensive with the same, and must terminate with his natural life. It cannot, therefore, be admeasured under the provisions

and terms of the act of the legislature in such case, but must be admeasured under the special directions of the court under the broad grant of the constitution.

3. That as it is possible that the homestead exemption may prevail against some of the judgment creditors and not against others, all equities which may arise between these creditors as against each other, and the claimant of the homestead, in determining how much and what part of said land shall be sold, and which part first, and for whose benefit, be reserved for the further consideration of the court after the coming in of the referee's report.

4. That the existing injunction be continued until the further order of the court.

5. The terms of this judgment having been verbally announced, and an intention to appeal therefrom having been declared, and a request made, that, pending the appeal, further proceedings by the judgment creditors to enforce their executions be stayed in case the appeal be taken, the stay will be granted, subject to terminate by the 1st day of November next, should the taxes on said land for the present fiscal year be not paid by that day by the plaintiff; this, however, not to interfere with the existing injunction.

*It is further ordered* that Joseph F. Gist, Esquire, be appointed referee herein, to take proof of the amounts and priorities of the judgments against the plaintiff, together with the dates of the causes of action upon which said judgments are founded, and that he report the same to the court, together with his conclusions.

(Signed)  J. H. HUDSON,
June 25th, 1878.  *Presiding Judge.*

The defendants, the children of G. W. Hill, filed the following exceptions, to wit:

1. For that his Honor adjudged that the plaintiff, G. W. Hill, under the devise of his father's will, is not seized of the land in question in fee and jointly with his child or children, nor is he seized jointly with them, he for life and they in fee. The devise is to him for life, remainder to his children.

2. For that his Honor did not adjudge that the defendants, as the children of the plaintiff, G. W. Hill, now living, are entitled to the land mentioned in the fourth item of the will of the testator jointly with their said father during his life, one of said children having been born and alive at the time of the devise.

3. For that his Honor did not adjudge that the defendant, Margaret S. Thomas, is entitled to the land mentioned in the fourth item of James Hill's will, jointly with her father, G. W. Hill, during his life, as a child of the said George W. Hill, living at the time of the devise.

And gave the following notice of appeal, to wit:

"Take notice that the defendants * * * * appeal to the Supreme Court from so much of the decree of his Honor Judge Hudson, entered herein on the 25th day of June, 1878, as adjudges that the said defendants had no interest in the tract of land described in the complaint during the lifetime of their father, George W. Hill, and from all the other parts of said decree which ignore the rights of said defendants."

*Mr. J. H. Rion*, for appellant.

I. G. W. Hill, having a child living at the time of the devise, under the second resolution in Wild's case, the father, G. W. Hill, and his children take as *joint tenants;* and G. W. Hill is entitled to the one-fourth or one-fifth of the estate devised, as there are three or four children. The children take as *purchasers.* 2 *Atk.* 220. "Children," in its natural sense, is a word of purchase. 4 *Paige Ch.* 297. And see 3 *Atk.* 397, as to distinction between "children" and "issue."

To A and his children, A having children at time of. making will, he takes a joint estate with his children. 4 *Paige* 297; 2 *Strange* 1172; 2 *Vern.* 545. All the cases recognize that under the second resolution in Wild's case, the children take jointly and immediately with parent. 1 *Doug.* 324. Opinion of Lord Mansfield, "immediate" he says.

Under act of 1824, all take fees where it is not inconsistent with the intention of the testator. But it is clear that Mr. Hill's interest is regarded as not extending beyond his own life; while as to the children, they must have died before their father, to let

in the remaindermen; hence they take a fee defeasible, if they predecease their father.

Again, the will provides for remaindermen only if there be no children of Mr. Hill living at his death; hence the children, if living, take by implication, otherwise there is a void in the devise, if Mr. Hill should die, leaving children living at his death.

The scheme of the will is manifest. G. W. Hill, as the *paterfamilias*, is to have the management and control of the whole estate for his life, but the *condition* of this control is, that while he is to provide certain sums for other purposes of the will, the whole property is to remain the property of himself and *his child* or children, and after his death that child or children are to take the property. His interest is joint with them for life, and for life only; their interest is from time of devise until their death, or a fee if they survive their parent.

The resolution in Wild's case has a peculiar appropriateness in this devise. G. W. Hill had a *child* at time of devise, and testator seems particularly to have had *this child* in his mind. The devise is to this *child* or children. The remainder, after devise to J. T. Hill, is to G. W. Hill and *child* or children. The devise to J. T. Hill is to him, and not to him and child or children. The bequest to the Scaifes is to them only, and again with remainder to G. W. Hill and child or children.

The fact that the charge is in G. W. Hill, and not in G. W. Hill and his children, does not indicate an intention contrary to our view; for he, as *paterfamilias*, (or trustee,) has in charge and control the whole of the property, *land and slaves*, out of which the amount required may be easily produced as *income*.

II. The limitation over, if he die without children living at the time of his death, restricts G. W. Hill to a *life* estate, and vests in the children a fee defeasible in the whole estate, subject to be defeated if they do not survive G. W. Hill, and subject to the life estate carved out for G. W. Hill, their father.

The intention is plain that G. W. Hill's interest is limited to his life, for upon his death, the whole estate passes by implication to such children as may then be living; and if no children,

then to the remaindermen. No objection that their estates have not same termination. 2 *Bl. Com.* [181.]

Observe *Reeder* v. *Spearman*, 6 *Rich. Eq.* 88, as to *Johnson* v. *Johnson*, *McM. Eq.* 337.

If the devise were to Mr. Hill. and in case he die without children, over—or, to Mr. Hill for life, and in case he die without issue or children living at the time of his death, over—Mr. Hill would take a fee conditional, under our authorities, ending with *Addison* v. *Addison*, 9 *Rich. Eq.* 58 ; and the same might be the construction if the devise were to Mr. Hill and his children ; and if he die without children living at the time of his death, over, if he had no children living at the time of the devise ; *but, he having a child living at the time of the devise*, it, under Wild's case, takes as *purchaser*, and there is no estate of inheritance in the father contemplated, implied, or necessary to carry out the intention of testator, and although they are joint tenants with their father while he lives, yet, subject to this life estate, they take (even independently of our act of 1824, and *a fortiori* under that act,) an estate in fee defeasible, if all die before their father.

The same would be the result if the devise were to G. W. Hill and his children after him ; or, G. W. Hill and then his children ; or, G. W. Hill, as a place of inheritance for him and his children.

In the case of *Hannan* v. *Osborne*, 4 *Paige* 336, where the devise was to a daughter and her children *forever*, with a *void* remainder over (which is the same as no remainder,) there it was held that the children took only by way of remainder, though in this case the parent was restricted to a life estate. But in South Carolina the courts would have held (as shown above) in conformity to Wild's case, that the children took an immediate present interest as purchasers. The provision in our case is, however, in very different words from that in *Hannan* v. *Osborne*. In that case, the devise was " to Mary Ann * * * all the remainder of my estate, both real and personal, to have and to hold the same to her and her children forever ; but in case my said sister shall die and all her children die, leaving no children," over.

Z

The Chancellor says, (p. 341,) that under common law, there being children in existence at time of devise, they would take "jointly with parent," unless the intention of testator appeared in the will that the children were only to take by way of remainder. And the Chancellor further says in this case, (p. 342,) that "the devise is not to the mother and her children, but to her, to have and to hold the same to her and her children forever." Besides, he says that the devise being to *children,* when there was *in esse* only a *child,* showed that testator had in view that the children were to take by way of remainder.

The language of the case is, "Held under the Revised Statute," etc.

I respectfully submit that the error of the Circuit judge arises from not considering the distinction between the word *child* (of purchase) and *issue* (of limitation,) and not recognizing the second resolution in Wild's case.

III. Now, what children take?

The children take as joint tenants with their father.

The rule laid down in many of our cases, that those only who are *in esse* and capable of taking at the time *fixed* of a division, applies only when a time for division is fixed. But in our case the estate is to "remain G. W. Hill's and his child or children," and there is no division or change until the death of G. W. Hill, when the time for division is really fixed. Children who have died before that period are dropped out, and their issue cannot take unless the court makes the word "children" include grandchildren. 2 *Ves.* 336, where a *limitation* over is the ground; 2 *Strange* 1172 ; 4 *Strobh. Eq.* 15, 16 ; 2 *Vern.* 545 ; 2 *Strange* 1172. Children can come in at different times, and the Chief Justice gives authorities: 2 *Bl. Com.* [182], note as to Sugden's remarks; *Carson* v. *Kennedy,* 8 *Rich. Eq.* 268.

*Mr. William Munro,* for respondents.

Under the will of his father, the plaintiff, George W. Hill, takes a life estate in the lands devised in the fourth item of the will, with remainder to his children.

Two rules are relied on by the respondents : 1st. Intention

must prevail, if consistent with law. 2d. Effect must be given to all the words of the will, if possible.

If the devise were to " George W. Hill and his child or children," *without other words*, the rule in *Wild's case*, 6 *Co.* 17, would apply, and this would be a case of joint tenancy between George W. Hill and his eldest child. 6 *Rich. Eq.* 88 ; *O'Hara on Wills, ch. XXIII.,* § 4.

But if effect be given to the words of limitation over, George will take a life estate, with remainder to his children. *Bail. Eq.* 552 ; 2 *Hill L.* 330 ; *McM.* 347 ; 2 *Strob. Eq.* 63 ; 2 *Ves., Jr.,* 536, *note* 1.

But, it is said, these are cases of personalty, and that the rule is different in respect of realty.

The only difference is in this, that in the case of personalty, the limitation over converts the issue or heirs of the body, mentioned in the words of the direct gift, into purchasers in remainder ; whereas, in a devise of lands, the words of limitation over are ineffectual to convert the *issue or heirs of the body*, mentioned in the direct devise, into purchasers. This is because of the different nature and qualities of the two species of property. 1 *Rich. Eq.* 411 ; 3 *Rich. Eq.* 390–393 ; *S. C.,* 4 *Rich. Eq.* 380–384.

Now, in a case like this, where it is conceded that the devisees do take as purchasers, the words of the limitation over must have their obvious meaning. *Bail. Eq.* 552.

*Second.* Under the devise the children of George W. Hill take as purchasers, and must take concurrently with the parent, or successively by way of remainder.

All the children cannot take, if they take concurrently with the parent. All the children were not *in esse* at the death of the testator. Those only who were in existence at the death of the testator can take concurrently with the parent. 2 *Jarman on Wills,* *74, *75, *76 ; *O'Hara on Wills., ch. XXIII. ;* 9 *Rich. Eq.* 464 ; 2 *McC. Ch.* 256 ; 2 *McC. Ch.* 445.

But if the children take successively to the parent, all can take. See authorities *supra.*

Now, did the testator mean that all should take ? So it is claimed by all.

The appellants claim that the period of distribution, or which is the same thing, the vesting in possession, was at the death of testator, and at same time insist that the children born after that period, as well as the one born before, should take. This is opposed to all the authorities.

The respondents, on the contrary, claim that the period of distribution is deferred until the death of George W. Hill, the life tenant, and that all the children will take, and thus carry into effect the intention of testator.

The appellants demand partition among George and his children, i. e., those in esse. If any children are hereafter born, must there not be another partition?

There are other words of the context, showing that George is to take a different estate from his children. He is to pay money to equalize " his share."

The case of Hannan v. Osborne, 4 Paige Ch. 341, 342, is identical with this. No difference can be distinguished.

Particular attention is asked to the words of Chancellor Walworth, on pages 341, 342; they seem to counsel to cover the points of this case.

Another strong point in this case is, that the testator has defined the meaning of his own words.

Ambiguous words in one part of an instrument must receive the same construction as the same words used without ambiguity in another part of the same instrument.

The words whose construction is disputed in the fourth section of this will, are again used in the fifth section, and are there defined: " That is to say, G. W. Hill one-half, and the Scaife or Scaifes the other half." 2 Jarman on Wills *744, Rule XVIII.; 2 Williams on Ex'rs *928.

March 15th, 1879. The opinion of the court was delivered by

HASKELL, A. J.   The appeal is from the construction of a will, and the only question is as to what estate in land is devised by the following words, to wit: " I give and bequeath to my son, G. W. Hill, * * * the land whereon I now live. * * * Now, the condition of the above gift is, that the property, including that given off before, * * * is to remain

the property of the said G. W. Hill and his child or children; and in case the said G. W. Hill should die and not leave any living child or children, why then the said property" over. The will is set forth in full in the statement of the case.

The Circuit judge decides that the devise is to G. W. Hill for life, with remainder to his children. The appeal is on behalf of the children, several of whom are minors, and they claim to take jointly with their father during his lifetime, with remainder in fee for those who may survive him. The whole appeal rests upon the proposition that this case is governed by the second resolution in Wild's case, which is as follows: "If a man devises lands to A and to his children or issue, and he then has children or issue of his body, then his express intent may take effect according to the rule of the common law; and no certain and manifest intent appears in the will to the contrary." The parent and the children thus take jointly. The other points presented by the appellants are mere deductions based upon the above proposition, which, therefore, should be first considered. The resolution relied on relates only to cases of direct devise to parent and children—as if to A and B, both to take immediately. In this case the gift to G. W. Hill is separate and distinct. The land is first given to him absolutely. A clause is then inserted, called "the condition of the above gift," and containing a provision that the said property previously given to G. W. Hill shall not only remain his, but shall also remain for his "child or children." The gift to the children is of the whole property, just as it had been to G. W. Hill. It is thus given to two persons or classes of persons, to each in entirety, but in this way, *i. e.*, it is given to A, but it is made a condition that it shall "remain" for B. The term child or children is primarily a word of purchase, and not of limitation, and can only be given the latter as its secondary meaning when such construction is rendered necessary by the context. No such necessity appears in this case. On the contrary, the primary meaning is admitted, and it expresses the real intention of the testator. Child or children, then, is the same as a designated person. It is as if the property had been given to A, when if nothing more had been said the gift would have been in fee simple under the act

of 1824. *Rev. Stat.* 443. But the expression is added, as a condition of the above gift, that the property is to "remain to A and B," and "in case the said A should die and not leave B living, then over." The real intention cannot be doubted. The gift of the whole property was already to A, and there is nothing in the context to justify the idea that the testator meant to diminish the amount. In fact, the contrary is shown. The testator's design was to divide his property into three *parts*, one to G. W. Hill to remain to his children, another to J. T. Hill, and the other to two grandsons, together representing a daughter. G. W. Hill is charged personally with sums payable to the other son and the two grandsons for purposes of equalization. Again, in a limitation over of the property devised to J. T. Hill, to "G. W. Hill and his child or children," and to the two grandsons and their children, the testator explains by saying, "that is, G. W. Hill one-half, and the Scaife or Scaifes the other half." That is to say, G. W. Hill was to enjoy the whole property devised to him and his children, but the time of his enjoyment is limited. It was to him and to his children after him. It might be said that such was the language in *Johnson* v. *Johnson, McM. Eq.* 347, and the first taker was held to have taken a fee conditional. But the Chancellor says it would have been different in *Johnson* v. *Johnson* if there had been a limitation over in the event of the first taker having no children living at her death. "That would show the intention of giving the remainder to the children living at her death, and would restrict the mother to a life estate." That is this case. Nor, to return, is there, on the other hand, any evidence that the "child or children" shall take less than the whole. The only mode by which both can have the whole property is for them to take it successively. It is given to the father. He is, beyond peradventure, a taker at the beginning. When can the children take? Certainly not at the beginning, for then there was only one. The word "remain," which constitutes the gift to the child or children, perhaps contains the explanation. It has within it the meaning of continuance, and, consequently, when there are several actors, the idea of succession. The property was already in the father by the preceding gift. The condition permits it to continue or remain

(in) him, but adds that it shall remain (for) his child or children. It is the same as if he had said it shall go to A, but it must remain for B.    There is no difference between that and the common expression, " for A and then for B."

In the case of *Sisson* v. *Seabury*, 1 *Sumn.* 235, the devise was to " A and his male children, lawfully begotten of his body, and their heirs forever, to be equally divided among them and their heirs forever."    The court, after determining that the "male children" did not mean male issue indefinitely, found no difficulty in fixing the estate in A to be for life only, with the fee simple in remainder to the male children.    The fact that the devise was to the male children and their heirs, &c., was of great force in that case, but the difference in words in that respect is not material, for, under the act of 1824, unless the contrary appears, the devise to children is the same as to children and their heirs.    The court, per Story, J., says: " Where words of devise are used, giving an estate to A and then to B, no one would doubt that the estate to A was a mere life estate, although not so expressly limited.    It results from a general rule of law. If the testator, instead of designating the second devisee by name, uses words which are commonly a mere *descriptio personarum*, the conclusion is equally natural that the estate to A is for life only.    We are at liberty to abandon this conclusion only when there is an apparent intent to use the words as words of limitation and not as words of description—' male children ' are not, technically speaking, words of limitation, but of description of persons.    The court ought, then, clearly to see that they are used as words of limitation before it abandons their common meaning." The word " then " did not occur in the devise, nor was there " remain " to qualify a preceding absolute gift to a preceding devisee.    This case is much stronger than the case of *Sisson* v. *Seabury*, which is recognized authority, and supported by a long array of the decisions of the English courts.    In that case the point was different, but the line of approach on one side is the same as in this.    A had no child at the time; the second resolution in Wild's case, was, therefore, not applicable.    But it was contended that he took an estate tail under the first resolution in Wild's case.    It was held that he took an estate for life, and the

reasoning which leads to that conclusion is equally applicable to that point in the case before us. The fact that there was one child of G. W. Hill *in esse* at the time of the making of the will, would be of more importance in the view urged by the appellants were it not that, by the addition of the word "children," the testator had shown it to be his intention to include after-born children who could not take immediately. For it is only where the children are to take immediately that the second resolution in Wild's case can be said to govern. With regard to the effect of "children" as a plural, where there is but one child in being at the time, the conclusion is put quite forcibly in *Hannan* v. *Osborne,* 4 *Paige Ch.* 336, cited in the arguments. That case, too, is very much in point throughout. See, also, *Sisson* v. *Seabury,* with the authorities there cited by Mr. Justice Story.

The judgment is affirmed. Motion refused.

Appeal dismissed.

WILLARD, C. J., and McIVER, A. J., concurred.